NAME
ROZELL DULANEY
PRISON NUMBER

P-31949

CURRENT ADDRESS OR PLACE OF CONFINEMENT
California Men's Colony East
Post Office Box 8101

CITY, STATE, ZIP CODE

San Luis Obispo, CA.  93409-8101



ORIGINAL

**FILED**

FEB 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ROZELL DULANEY
                                              ,
(FULL NAME OF PETITIONER)
                            **PETITIONER**

                v.

                                              ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

JOHN MARSHALL,     **RESPONDENT**
              and

                                              ,

The Attorney General of the State of
California, Additional Respondent.

Civil No   **'08 CV 0382 J NLS**

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1.  Name and location of the court that entered the judgment of conviction under attack:

    Superior Court of California, County of San Diego
    250 East Main Street San Diego, CA.  92020
2.  Date of judgment of conviction:

    February 23,1999
3.  Trial court case number of the judgment of conviction being challenged:

    SCD137017

4.  Length of sentence:

    25 Years to Life in prison

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date:

    Projected Release date: Indeterminate Sentence

6. Offense(s) for which you were convicted or pleaded guilty (all counts):

    First degree murder

7. What was your plea? (CHECK ONE)

    (a) Not guilty      ☒
    (b) Guilty          ☐
    (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

    (a) Jury       ☒
    (b) Judge only ☐

9. Did you testify at the trial?

    ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?

    ☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a) Result: Judgment affirmed

    (b) Date of result (if known): 09-21-00

    (c) Case number and citation (if known): D033255

    (d) Names of Judges participating in case (if known):

        N/A

    (e) Grounds raised on direct appeal:

    (1) Speedy Trial Violation: (2) Trial Court failed to sever
    Counts: (3) Trial Court erred by allowing prosecutor to admit
    Adoptive Admission,and (4) Court allowed grusome photos of
    victim to be admitted before jury.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

    (a) Result: Petition denied

    (b) Date of result (if known): 12-20-00

    (c) Case number and citation (if known): N/A

    (d) Grounds raised:

    (1) Speedy Trial Violation: (2) Trial Court failed to sever
    Counts: (3) Trial Court erred by allowing prosecutor to admit
    Adoptive Admission,and (4) Court allowed grusome photos of
    victim to be admitted before jury

CIV 68 (Rev. Jan. 2006)

cv

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a)  Result:  N/A

    (b)  Date of result (if known):

    (c)  Case number and citation (if known):

    (d)  Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number (if known):  SCD 137017

    (b)  Nature of proceeding:  Petition for writ of habeas corpus

    (c)  Grounds raised:

THE PETITIONER'S CONSTITUTIONAL FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND A FAIR TRIAL WAS VIOLATED WHEN THE PROSECUTOR COMMITTED MISCONDUCT BY ELICITING KNOWN PERJURED TESTIMONY FROM ITS WITNESS IN ORDER TO OBTAIN A GRAND JURY INDICTMENT.

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No

    (e)  Result:  Petition denied

    (f)  Date of result (if known):  N/A

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

   (a) **California Court of Appeal** Case Number (if known):

   (b) Nature of proceeding: `Petition for writ of habeas corpus`

   (c) Names of Judges participating in case (if known)
      `Huffman, Acting P.J.; McDonald and McIntyre`

   (d) Grounds raised:

   `THE PETITIONER'S CONSTITUTIONAL FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND A FAIR TRIAL WAS VIOLATED WHEN THE PROSECUTOR ELICITED KNOWN PERJURED TESTIMONY FROM ITS WITNESS`

   (e) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes ☒ No

   (f) Result: `Petition denied`

   (g) Date of result (if known): `April 24,2007`

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

   (a) **California Supreme Court** Case Number (if known): `S153828`

   (b) Nature of proceeding: `Petition for writ of habeas corpus`

   (c) Grounds raised:

   `THE PETITIONER'S CONSTITUTIONAL FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND A FAIR TRIAL WAS VIOLATED WHEN THE PROSECUTOR ELICITED KNOWN PERJURED TESTIMONY FROM ITS WITNESS`

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes ☒ No

   (e) Result: `Petition denied`

   (f) Date of result (if known): `November 28,2007`

CIV 68 (Rev. Jan. 2006)

cv

**20.** If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☐ Yes ☒ No        (IF "YES" SKIP TO #22)
   (a) If no, in what federal court was the prior action filed? U.S. Dist. Court
     (i) What was the prior case number? 01-CV 0344 J (NLS)
     (ii) Was the prior action (CHECK ONE):
           Denied on the merits? ☒
           Dismissed for procedural reasons? ☐
     (iii) Date of decision:   N/A
   (b) Were any of the issues in this current petition also raised in the prior federal petition?
     ☐ Yes ☒ No
   (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
     ☐ Yes ☒ No

**CAUTION:**
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

CIV 68 (Rev. Jan. 2006)

cv

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   **(a) GROUND ONE:**

   THE PETITIONER'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND A FAIR TRIAL WAS VIOLATED WHEN THE PROSECUTOR COMMITTED MISCON-DUCT BY ELICITING KNOWN PERJURED TESTIMONY FROM ITS WITNESS
   **Supporting FACTS:**

   On March 18,1992,the petitioner was arrested and charged with the shooting of Mr.Samuel Kimbrough. The complaint was dis-missed on April 01,1992 because the alleged victim could not connect the petitioner to the crime. On May 22,1998,more than six years after the March 18,1992 incident,a complaint was filed in the Municipal Court charging the petitioner in count one with the attempted murder of Samuel kimbrough. This com-plaint was based on the same circumstances of the 1992 inci-dent. On July 09,1998,the day set for the preliminary hearing an indictment was filed charging the petitioner with two felony counts. Count one contained the allegation that on March 15,1992,the petitioner committed an attempted willful premeditated and deliberate murder with a personal use of a firearm on one, Samuel Kimbrough. Count two contained the allegation that the petitioner committed the crime of first degree murder on the victim, Mr. James desmond on or about December 16,1992. The prosecutor went to the grand jury and obtained the indictment with the testimony of Samuel Kimbrough, the very same victim in the 1992 matter. Before the grand jury Samuel kimbrough testified that the petitioner had allegedly telephoned him prior to the shooting and threatened him. In 1992, Mr. Kimbrough never stated anything regarding the petitioner ever calling him over the telephone and making a threat against him. Mr. kimbrough never offered no such

   (SEE ATTACHED PAGES FOR CONTINUATION)
   **Did you raise GROUND ONE in the California Supreme Court?**

   ☒ Yes ☐ No.

   If yes, answer the following:

   (1)  Nature of proceeding (i.e., petition for review, habeas petition): habeas corpus

   (2)  Case number or citation: S153828

   (3)  Result (attach a copy of the court's opinion or order if available):

1 | **SUPPORTING FACTS (Con't)**

2 | testimony reflecting such occurences. The prosecutor took Mr.

3 | Kimbrough before the Grand Jury and permitted him to offer

4 | known perjured testimony only to deceive the Grand Jury and

5 | obtain an indictment. The prosecutor knew that in order to

6 | rightfully obtain an indictment, he needed for the testimony of

7 | Mr. Kimbrough to reflect that of a higher nature than his testi-

8 | mony did in 1992. The facts are clear that the prosecutor not

9 | only coerced the witness, but allowed and induced the witness

10 | to falsely testify before the Grand Jury. Because the testimony

11 | of Mr. Kimbrough had now differed from his 1992 recollection,

12 | the petitioner was indicted on the counts. Because his indict-

13 | ment came through the Grand Jury, the petitioner was not per-

14 | mitted a preliminary hearing.

15 | During trial, the jury was permitted to hear the facts re-

16 | garding the Kimbrough matter. After the prosecutor had concluded

17 | the closing argument, the defense requested a dismissal pursuant

18 | to Penal Code section 1118.1 to count one, the Kimbrough inci-

19 | dent. The prosecutor did not object to the defense's request, and

20 | the court subsequently dismissed count one with an admonishment

21 | to the jury. Even though the count was dismissed, the jury was

22 | still afforded the opportunity to hear the matter which detailed

23 | the petitioner in such a bad manner.

24 | The actions of the prosecutor clearly demonstrated not only

25 | misconduct but vindictiveness as well. The prosecutor knew that

26 | in order for the 1992 Kimbrough matter to resurface, the testimony

27 | and facts of Samuel Kimbrough had to differ from his 1992

28 | memory. So it is apparent that the prosecutor took Mr. Kimbrough

1 before the Grand Jury and induced him into committing perjury

2 because the facts shows that no logical individual would have

3 forgotten that someone made a threatening telephone call to him

4 prior to shooting him. In 1992, Mr. Kimbrough did not mention

5 anything about the petitioner threatening him over the telephone

6 and his failure to connect the petitioner to the event is what

7 caused the matter to be dismissed then.

8     It was the prosecutor who displayed foul play by parading

9 Mr. Kimbrough before the Grand Jury and obtaining a wrongful

10 indictment with the known perjured testimony that Mr. Kimbrough

11 offered.

12     The prosecutor further allowed the trial jury to hear the

13 facts of the Kimbrough matter and even though the court subse-

14 quently dismissed that count, the jury was still privileged to

15 hear such damaging testimony. The circumstances of count two, the

16 murder of James Desmond was circumstantial at best, but with the

17 allegation of count one, the Kimbrough matter in their mind, the

18 petitioner's character had been placed on the line due to the

19 "bad acts" evidence that had been introduced.

20     The prosecutor's actions clearly contributed to the

21 petitioner's conviction of count two. By eliciting known per-

22 jured testimony, the prosecutor clearly violated the petitioner's

23 constitutional right to due process as well as the ethical

24 responsibility that he was bound to uphold and follow.

25 //

26 //

27 //

28 //

6(b)

**(b)** GROUND TWO:

N/A

**Supporting FACTS:**

**Did you raise <u>GROUND TWO</u> in the <u>California Supreme Court</u>?**

☐ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition):

(2)    Case number or citation:

(3)    Result (attach a copy of the court's opinion or order if available):

**(c) GROUND THREE:**

N/A

**Supporting FACTS:**

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition):

(2)    Case number or citation:

(3)    Result (attach a copy of the court's opinion or order if available):

**(d)    GROUND FOUR:**

N/A

**Supporting FACTS:**

**Did you raise GROUND FOUR in the California Supreme Court?**

    ☐ Yes ☐ No.

If yes, answer the following:

    (1)    Nature of proceeding (i.e., petition for review, habeas petition):

    (2)    Case number or citation:

    (3)    Result (attach a copy of the court's opinion or order if available):

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes    ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court:

    (b) Case Number:

    (c) Date action filed:

    (d) Nature of proceeding:


    (e) Name(s) of judges (if known):

    (f) Grounds raised:




    (g) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes    ☐ No


25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing . . . . . . . .

    (b) At arraignment and plea . . . . . . .

    (c) At trial . . . . . . . . . . . . . . . . . . . . .    Public defender

    (d) At sentencing . . . . . . . . . . . . . . .    Public defender

    (e) On appeal . . . . . . . . . . . . . . . . .    Daniel G.Koryn 5105 Cass St.
                              San Diego,CA.  92109

    (f) In any post-conviction proceeding .    Pro se


    (g) On appeal from any adverse ruling in a post-conviction proceeding:

                    N/A

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:

    (b) Give date and length of the future sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        ☐ Yes  ☒ No

28. Consent to Magistrate Judge Jurisdiction

    In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

    February 10, 2008

CIV 68 (Rev. Jan. 2006)

-11-

cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

                    SIGNATURE OF ATTORNEY (IF ANY)


I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_____2 - 10 - 08_____        _____
         (DATE)                          SIGNATURE OF PETITIONER

EXHIBIT

EXHIBIT

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

F I L E D
Stephan M. Kelly, Clerk
APR 2 4 2007
Court of Appeal Fourth District

| | |
|---|---|
| In re ROZELLE DULANEY | D050089 |
| on | (San Diego County |
| Habeas Corpus. | Super. Ct. No. SCD 137017) |

THE COURT:

The petition for a writ of habeas corpus has been read and considered by Justices Huffman, McDonald and McIntyre. We take judicial notice of the direct appeal D033255.

In an indictment returned by the San Diego County Grand Jury in July 1998, Rozelle Dulaney (Rozelle) and James Dulaney (James) were charged with attempted premeditated murder of Samuel Kimbrough (Kimbrough) in March 1992 (count 1) and first degree murder of James Desmond in December 1992 (count 2). Rozelle and James were tried simultaneously by separate juries. At the conclusion of the People's case, the court dismissed count 1 for insufficient evidence. (Pen. Code, § 1118.1, all statutory references are to the Penal Code.) The juries found Rozelle and James guilty of first degree murder and the court sentenced both to a term of 25 years to life in prison. We affirmed the judgment on September 21, 2000.

Rozelle claims he was denied due process and a fair trial because the prosecutor elicited "known perjured testimony" from Kimbrough in order to obtain a grand jury indictment on count 1 which had been dismissed in 1992. Rozelle acknowledges the court admonished the jury to disregard the evidence as to count 1 when it dismissed that count, but he claims he was prejudiced because the jury heard "the matter which detailed [him] in such a bad manner."

Before trial Rozelle moved to dismiss count 1 on various grounds, including that count 1 was only filed to prejudice him on count 2. The trial court found he had not made a sufficient showing of prejudice and denied the motion to dismiss. Rozelle has no

evidentiary support for his claim Kimbrough committed perjury before the grand jury and the record shows the court instructed the jurors that they were not to consider its ruling dismissing count 1 in any manner in their deliberations on count 2. When the jury questioned during deliberations if it could "use testimony from count 1 which pertains to count 2" the court again directed them that they could not.

"In a trial for any offense, questions of law are to be decided by the court, and questions of fact by the jury. . . . [The jurors] are bound . . . to receive as law what is laid down as such by the court." (§ 1126.) We presume the jury " 'meticulously followed the instructions given.' " (*People v. Cruz* (2001) 93 Cal.App.4th 69, 73.) The burden is on the defendant to show the jury did not perform its duty to follow the law as given by the trial court and that he or she was prejudiced. (*Id.* at p. 74.)

Rozelle has not shown the jury did not follow the court's instructions and that he was prejudiced as a result. His conviction was thoroughly reviewed on appeal and he has not shown clear and fundamental constitutional error to warrant further judicial review. (*In re Harris* (1993) 5 Cal.4th 813, 834.)

The petition is denied.

_____
HUFFMAN, Acting P. J.

Copies to:  All parties

2

S153828

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re ROZELL DULANEY on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Dixon* (1953) 41 Cal.2d 756.)

SUPREME COURT
FILED

NOV 2 8 2007

Frederick K. Ohlrich Clerk

---
Deputy

**GEORGE**

---
Chief Justice

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I am the party of the above entitled actions, a citizen of the United States and over the age
of eighteen years, and a resident of San Luis Obispo County.  My current address is:

_Rozell E. Dulaney_ #P31949
California Men's Colony-East
P.O. Box 8101 Room _6303_
San Luis Obispo, CA. 93409-8101

I CERTIFY ( OR DECLARE), UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE
AND CORRECT.
EXECUTED ON _Feb 10_         , 20 _08_       , AT SAN LUIS OBISPO, CALIFORNIA,
93409-8101.

PETITIONER

..................................................................................................................

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I AM A RESIDENT OF SAID COUNTY, I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A
PARTY TO THE ABOVE ENTITLED ACTION.  MY BUSINESS ADDRESS IS:

_Michael Anthony Cokley_ #K64940
CALIFORNIA MEN'S COLONY-EAST
P.O. BOX 8101 / Room _530_
SAN LUIS OBISPO, CALIFORNIA 93409-8101

ON _02 - 10_        , 20 _08_    , I SERVED THE WITHIN_____

_Petition for Writ of Habeas Corpus_

ON THE PARTY: _U. S. District Court_

IN SAID ACTION, BY PLACING A TRUE COPY THEREOF IN A SEALED ENVELOPE WITH
POSTAGE THEREON PREPAID, IN THE UNITED STATES MAIL, AT CALIFORNIA MEN'S
COLONY, SAN LUIS OBISPO, CALIFORNIA, 93409-8101, ADDRESSED AS FOLLOWS:
_United States District Court_
_Southern District of California_
_880 Front Street_
_San Diego, CA. 92101-8900_

I DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON _February 10_        , 20 _08_     , AT SAN LUIS OBISPO
COUNTY, CALIFORNIA.

SIGNATURE OF DECLARANT

(REV.6/07)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

FEB 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS**

Rozell Dulaney

**DEFENDANTS**

John Marshall

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED   San Luis Obispo
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Rozell Dulaney P-31949**
**California Men's Colony East**
**PO Box 8101**
**San Luis Obispo, CA 93409**

ATTORNEYS (IF KNOWN)

'08 CV 0382 J NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)       FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC81 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE   Docket Number

DATE   148196 #5.00   2/28/08

SIGNATURE OF ATTORNEY OF RECORD   R. Miller

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 148196    — SH

## February 28, 2008
## 16:10:47

## Habeas Corpus
USAO #.: 08CV0382
Judge..: NAPOLEON A JONES, JR
Amount.:                    $5.00 CK
Check#.: STCA326-379141


Total--> $5.00


FROM: ROZELL DULANEY